UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSEMARIE E. WADDY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:22-cv-00002-SEP |
| | ) |
| HIGHLAND VENTURES AND KEITH | ) |
| HOODGLAND LIMITED PARTNERSHIP, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Bill of Costs, Doc. [82]. Defendants have not responded and the time for doing so has passed. For the reasons set forth below, the motion is granted in part and denied in part.

### BACKGROUND

Plaintiff Rosemarie E. Waddy filed a complaint against Defendants Highland Ventures and Keith Hoodgland Limited Partnership after she was injured crossing a parking lot on Defendants' property. *See* Doc. [21]. After a three-day trial, the jury returned a verdict in favor of Plaintiff. *See* Doc. [76]. The jury assessed 85 percent of the fault to Defendant Highland Ventures and 15 percent of the fault to Plaintiff and found that Plaintiff's damages, disregarding any fault on the part of the Plaintiff, were $2,000,000.00. *Id*. As the prevailing party, Plaintiff seeks the recovery of the following costs:

Fees of the clerk: $148.92

Fees for service of summons and subpoena: $165.00

Fees for printed or electronically recorded transcripts necessarily obtained for use in the case: $3,614.05

Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case: $757.07

Doc. [82].

### LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed

to the prevailing party." Federal statute provides that the following six expenses are taxable as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . .

28 U.S.C. § 1920.

A district court has broad discretion over awarding costs to a prevailing party. *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 930 (8th Cir. 2011) (citation omitted). However, "[f]ederal courts are bound by the limitations set out in section 1920." *168th & Dodge, LP v. Rave Reviews Cinemas, L.L.C.*, 501 F.3d 945, 957 (8th Cir. 2007) (quoting *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002)). "A prevailing party is presumptively entitled to recover all of its [taxable] costs." *Id.* (quoting *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005)). Indeed, "[c]osts, unlike attorney's fees, are awarded to a prevailing party as a matter of course, unless the district court directs otherwise; unusual circumstances need not be present." *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982) (citation omitted).

### DISCUSSION

**I.     Fees of the clerk**

Plaintiff seeks to recover $148.92 in fees paid to the clerk. That amount includes the $145.50 filing fee and $3.42 processing fee Plaintiff paid when it filed this action in state court. *See* Doc. [82-1]. Because "[s]ection 1920 does not authorize the taxing of state court filing fees . . . in removal actions," *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987), Plaintiff is not entitled to recover these costs.

**II.    Fees for service of summons and subpoena**

Plaintiff also seeks to recover $165.00 in fees for service of summons and subpoena. However, Plaintiff utilized a special process server. *See* Doc. [82-2]. And under Eighth Circuit precedent, Plaintiff cannot "recover [ ] for use of a special process server, because 28 U.S.C.

2

§ 1920 (1982) contains no provision for such expenses." *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985).  Thus, Plaintiff is not entitled to recover the $165.00 she incurred for service of summons and subpoena.

### III. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case

Plaintiff seeks to recover $3,614.05 in fees for printed or electronically recorded transcripts necessarily obtained for use in this case.  That amount includes $320.19 for the certified copy of Plaintiff's printed transcript; $1,213.76 for the certified copy of Defendant Highland Ventures' Corporate Representative's printed transcript; $552.50 for the Corporate Representative's electronically recorded transcript; $592.60 for the certified copy of Dr. Anna Miller's printed transcript; and $935.00 for Dr. Miller's electronically recorded transcript.  *See* Doc. [82-3].

"A district court has discretion to award costs if the deposition was necessarily obtained for use in a case and was not purely investigate." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (cleaned up); *see Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015) ("Based on the language of the statute, the context in which it uses the word 'or,' and its broader context, we conclude that § 1920(2) permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case.").

Plaintiff maintains that the electronically recorded transcript for the Corporate Representative was necessary because the parties had not yet reached an agreement at the time of the deposition as to whether the Corporate Representative would appear at trial.  Doc. [82] at 4. She explains that the "electronically recorded transcript would have been necessary for the jury to assess the credibility of the witness, should a corporate representative not appear live at trial." *Id*.  As for the necessity of Dr. Miller's electronically recorded transcript, Plaintiff notes that Dr. Miller's testimony was played by video at trial.  *Id*. at 5.

In light of Plaintiff's explanation and Defendants' failure to respond to Plaintiff's motion, the Court finds no reason to deny Plaintiff's request to recover fees for all the transcripts, stenographic and electronic.  *See In re Derailment Cases*, 417 F.3d at 844 ("A prevailing party is presumptively entitled to recover all of its costs.").

3

### IV. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case

Finally, Plaintiff seeks to recover $757.07 in costs associated with making copies of Plaintiff's medical records for use at trial, including $525.68 for Plaintiff's medical records from BJC HealthCare for Barnes-Jewish Hospital; $28.19 for Plaintiff's medical records from BJC HealthCare West County Hospital; $203.20 for Plaintiff's medical records from Washington University School of Medicine. *See* Doc. [82] at 5.

While the Courts agrees that such costs are taxable, *see Jacobs v. Mercy Health*, 2024 WL 1619199, at *3 (E.D. Mo. Apr. 15, 2024) (listing cases), a review of the receipts submitted with Plaintiff's motion shows that Plaintiff is entitled to only $517.23 in costs associated with making copies of Plaintiff's medical records. *See* Doc. [82-4]. Thus, $517.23 will be taxed.

### CONCLUSION

Plaintiff is entitled to recover $3,614.05 in fees for printed and electronically recorded transcripts necessarily obtained for use in this case and $517.23 in costs related to making copies of Plaintiff's medical records. Plaintiff may not recover the state court filing or processing fee or the cost associated with use of a special process server.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Bill of Costs, Doc. [82], is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs against Defendants and in favor of Plaintiff in the amount of $4,131.28.

Dated this 25th day of March, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE